UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

```
EMPLOYERS MUTUAL CASUALTY      )
COMPANY,                       )
                               )
          Plaintiff            )
                               )
     v.                        )   Case No. 2:08 cv 233
                               )
WITHAM SALES & SERVICE, INC.,  )
d/b/a Witham Sav-A-Stop,       )
                               )
          Defendant            )
```

OPINION AND ORDER

This matter is before the court on the Motion for Summary Declaratory Judgment [DE 16] filed by the plaintiff, Employers Mutual Casualty Company, on June 4, 2009, and the Motion to Dismiss Plaintiff's Complaint for Declaratory Judgment [DE 19] filed by the defendant, Witham Sales & Service, Inc. d/b/a Witham Sav-A-Stop, on June 5, 2009. For the reasons set forth below, the Motion for Summary Declaratory Judgment [DE 16] is **DENIED WITHOUT PREJUDICE,** and the Motion to Dismiss [DE 19] is **GRANTED IN PART** and **DENIED IN PART.**

Background

Witham Sales & Service owns and operates Witham Sav-A-Stop, a gasoline service business and convenience store. On October 14, 2007, Kenneth Barlo allegedly made a purchase and received a receipt at a Witham Sav-A-Stop. According to Barlo, the receipt contained his entire credit card number and expiration date, in violation of the Fair and Accurate Credit Transactions Act ("FACTA") and the Fair Credit Reporting Act ("FCRA"). Barlo

filed a lawsuit against Witham alleging that Witham chose to ignore compliance with the FCRA, knew that FACTA required redaction of credit card receipts, was aware of the statute and the need to comply, and engaged in willful violations of the FCRA. These allegations make up the underlying case of this lawsuit.

Witham obtained insurance coverage through Employers Mutual Casualty Company which issued Witham four separate policies: a Commercial General Liability bearing policy number 2D3-68-69---07 (effective October 7, 2006-2007) ("1st CGL"), a Commercial General Liability bearing policy number 2D3-68-69---08 (effective October 7, 2007-2008) ("2nd CGL"), a Commercial Umbrella Policy bearing policy number 2J3-68-69---07 (effective October 7, 2006-2007) ("1st CU"), and a Commercial Umbrella Policy bearing policy number 2J3-68-69---08 (effective October 7, 2007-2008) ("2nd CU"). The parties do not dispute the content of those policies.

The 1st and 2nd CGLs apply to claims for "personal and advertising injury." Under Section 14 in both policies, "personal and advertising injury" is defined as "injury arising out of one or more of the following offenses." Under Section 14, subsection e, an offense includes "[o]ral or written publication, in any manner, of material that violates a person's right of privacy[.]" The same CGL policies contain exclusions under Cover B "personal and advertising injury," which states:

* * *

    1.Exclusions

        This insurance does not apply to:

a. Knowing Violation of Rights of Another "Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury."

Furthermore, the CGL policies each contain an exclusion in endorsement CG 00 67 03 05 that provides:

EXCLUSION - VIOLATION OF STATUTES THAT GOVERN E-MAILS, FAX, PHONE CALLS, OR OTHER METHODS OF SENDING MATERIAL OR INFORMATION

* * *

B. The following exclusion is added to paragraph 2., exclusions of Section 1- Coverage B -- Personal and Advertising Injury Liability:

* * *

2. Exclusions

This insurance does not apply to:

Distribution of material in violation of statutes "Personal and Advertising Injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

* * *

e. Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating, or distribution of material or information.

These are the undisputed CGL policy terms applicable to the case at hand.

3

Employers Mutual also provided Witham with CU policies. The content of those policies, however, are different and require separate treatment for each CU policy. The 1st CU policy contains a commercial umbrella amendment of coverage, which amends Part II - Definitions of the 1st CU policy. It defines personal injury as an "injury . . . arising out of one or more of the following offenses." The policy identifies an offense as "[o]ral or written publication, in any manner, of material that violates the person's right of privacy[.]" The endorsement further defines "advertising injury" as an "injury arising out of one or more offenses," and then sub-section B provides that an offense includes, "[o]ral or written publication, in any manner, of material that violates the person's right of privacy[.]" This 1st CU policy also contains an endorsement which provides the following exclusion:

> 1. Personal Injury or Advertising Injury
>
>    This policy does not apply to "personal injury" or "advertising injury";
>
>    A. Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal injury" or "advertising injury."
>
>    Another exclusion under this same policy states:
>
>    EXCLUSION - VIOLATION OF STATUTES THAT GOVERN E-MAILS, FAX, PHONE CALLS OR OTHER METHODS OF SENDING MATERIAL OR INFORMATION
>
>    A. The following exclusion is added to Part III - Exclusions:

> This insurance does not apply to:
>
> DISTRIBUTION OF MATERIAL IN VIOLATION OF STATUTES
>
> "Personal injury and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:
>
> * * *
>
> c. Any statute, ordinance, or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

Thus, this undisputed information sets out the policy coverage and exclusion for the 1st CU policy.

The 2nd CU policy contains coverage that defines "personal and advertising injury." It states, "Personal and advertising injury" means "injury, including consequential 'bodily injury,' arising out of one or more of the following offenses." An offense includes "[o]ral or written publication, in any manner, of material that violates a person's right of privacy[.]" The 2nd CU policy also contains an endorsement bearing the following exclusion:

> EXCLUSION - VIOLATION OF STATUTES THAT GOVERN E-MAILS, FAX, PHONE CALLS OR OTHER METHODS OF SENDING MATERIAL OR INFORMATION
>
> * * *
>
> B. The following exclusion is added to Paragraph 2., Exclusions of Section I -

>                Coverage B - Personal and Advertising
>                Injury Liability:
>
>       2.       Exclusions
>
>                This insurance does not apply to:
>
>                DISTRIBUTION OF MATERIAL IN VIOLA-
>                TION OF STATUTES
>
>                        "Personal and advertising
>                        injury" arising directly or
>                        indirectly out of any action
>                        or omission that violates or
>                        is alleged to violate:
>
>                                * * *
>
>                c.     Any statute, ordinance or
>                        regulation, other than the
>                        TCPA or CAN-SPAM Act of 2003,
>                        that prohibits the sending,
>                        transmitting, communicating,
>                        or distribution of material or
>                        information.

In the pending lawsuit, Employers Mutual moves for a declaratory judgment that it does not have a duty to defend Witham in the lawsuit filed by Kenneth Barlo. More specifically, Employers Mutual claims that Witham's actions are not covered either because they do not fit the contractual definitions of a covered act, they violate the terms of the agreement, or they are explicitly excluded within the policy terms.

First, Employers Mutual maintains that there is no coverage under the CGL policies because Witham's actions in the underlying case - printing a receipt with an individual's name and credit card number - do not constitute a "written publication" per the contract. Employers Mutual contends that the CGL policies exclude coverage for a "Knowing Violation of Rights of Another"

and that the underlying case alleges that Witham violated a statute that prohibits the distribution of information. Therefore, the company contends this conduct falls within an exclusion clause of the policy, and Employers Mutual has not provided coverage under the CGL.

Furthermore, Employers Mutual argues that it has no duty to defend under the CU policies either. First, Employers Mutual asserts that Witham's conduct does not constitute a publication or advertising injury covered under the 1st CU policy. Furthermore, even if Witham's conduct did fall under the category of a publication or advertising injury, such injuries are excluded under the 1st CU policy. Second, the 1st CU excludes coverage of acts that violate statutes that govern the transmission of information. Third, the 2nd CU contains a similar provision excluding coverage. Fourth, the 2nd CU excludes coverage for a personal and advertising injury that knowingly violates the rights of another. Based on this information, Employers Mutual believes that Witham has no coverage under the CU policies. In conclusion, Employers Mutual moves for an order declaring that the underlying case fails to allege a personal and advertising injury as defined by any of the policies, that Witham's alleged knowing violation of rights of another precludes coverage under all of the policies, and that as a result there is no coverage for Witham under the CGL or CU policies.

Witham contends that the insurance policies cover Witham's alleged actions and that Employer Mutual's motion should be

7

dismissed because it did not join a necessary party to the declaratory judgment action pursuant to Federal Rule of Civil Procedure 19(a).

## Discussion

The parties raise two issues for this court to resolve: whether Kenneth Barlo is a necessary party under Rule 19(a), and whether Employers Mutual has a duty to defend Witham in the underlying action.

Before the court looks to the merits of the declaratory judgment, it must determine whether Barlo is a necessary party. Witham argues that Barlo, as the named class member of the underlying suit, is a necessary party under Rule 19(a)(1) and because Employers Mutual failed to join Barlo, this complaint should be dismissed according to Federal Rule of Civil Procedure 12(b)(7).[1] Employers Mutual counters that Barlo is not a necessary party because complete relief can be granted without Barlo in this action and that Barlo has not alleged a cognizable direct injury in the underlying complaint. Specifically, Employers Mutual states that Barlo's and the class members' injury is merely an elevated risk of identity theft and that such injuries do not constitute actual harm in the Seventh Circuit. Finally, Employers Mutual argues that Witham will not face a substantial risk of multiple or inconsistent obligations if Barlo is not joined. Therefore, Employers Mutual asks the court to find that

---

[1] Joinder is a matter of federal law regardless of whether the action is based on diversity or statutory right. See ***Winklevoss Consultants, Inc. v. Federal Ins. Co.***, 174 F.R.D. 416, 419 (N.D. Ill. 1997).

8

Barlo is not a necessary party and to rule on its current motion for a declaratory judgment.

Rule 19 defines a necessary party as:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

See *Cantrell v. Morris*, 2005 WL 1159416, *1 (N.D. Ind. May 17, 2005) (discussing Rule 19(a) and Rule 12(b)(7)). Rule 19(b) provides an analysis similar to Rule 19(a) that a court may use to guide its determination*. Cantrell*, 2005 WL 1159416, at *1. Under Rule 19(b), a court shall consider a party to be an indispensable party to

> (1) the extent to which judgment rendered in the non-party's absence might be prejudicial to the nonparty or the existing parties, (2) the extent to which the court can shape relief in order to reduce the prejudice, (3) whether judgment rendered without the nonparty would be inadequate, and (4) whether the plaintiff has an adequate remedy if the action is dismissed for failure to join the nonparty.

See *Cantrell*, 2005 WL 1159416, at *1 (*citing* Wright, Miller & Kane, 7 *Federal Practice and Procedure Civil* §1604 (3d ed.)

(discussing that the factors a court considers under Rule 19(a) include considerations about the "general polic[y] of avoiding multiple litigation, providing the parties with complete and effective relief in a single action, and protecting the absent persons from the possible prejudicial effect of deciding the case without them.")). Non-joinder of a necessary party must be remedied by joining the necessary party. *Cantrell*, 2005 WL 1159416, at *1. If that is not possible, then the court must determine whether the action must be dismissed under Rule 19(b). *Cantrell*, 2005 WL 1159416, at *1.

The Declaratory Judgment Act's purpose is to provide a remedy for parties whose contractual obligations are in question. *McGrath v. Everest National Insurance Company*, 2009 WL 2508216, *2 (N.D. Ind. Aug. 13, 2009). A declaratory judgment action, by its very nature, is an adversarial process, and if a party is found to be necessary, he should be given an opportunity to defend his interests in the matter and be bound by the court's determination. *See Westfield Insurance Company v. Sheehan Construction Company, Inc.*, 580 F.Supp.2d 701, 719 (S.D. Ind. 2008) (discussing that, in general, injured parties are necessary parties to a declaratory judgment action and that some Indiana state court precedent shows that they may not be bound by a default judgment when they remained unjoined); *Wilder v. Doe,* 30 F.Supp. 869, 870 (D.C. Pa. 1939) (noting that a declaratory judgment is adversarial and that one of the policy reasons to render a declaratory judgment is to "terminate and afford relief

from the uncertainty, insecurity, and controversy giving rise to the proceedings."). See generally **American Family Mutual Insurance Co. v. Ginther**, 803 N.E.2d 224 (Ind. App. 2004) (providing persuasive authority on the point that the injured party would be able to relitigate this issue in their underlying claim and that they are necessary parties under Indiana state law).

Although the Seventh Circuit has not addressed the issue at hand, other district courts have decided whether the injured party is a necessary party in a declaratory judgment action. See **Allstate Insurance Company v. Peterson**, 2006 WL 3833353, *5-6 (N.D. Ind. Dec. 18, 2006)(providing examples of Illinois cases that require joinder of an injured party in a declaratory judgment action); **Georgia-Pacific Corp. v. Sentry Select Insurance Company,** 2006 WL 1525678, *3 (S.D. Ill. May 26, 2006)(stating that no Seventh Circuit or Supreme Court case law appears to be on point and then providing an analysis of Illinois state law to arrive at the conclusion that an injured party is a necessary party). Whether the injured party is a necessary party under Rule 19 depends on the relationship of the parties, in particular, who has brought the declaratory judgment action and for what purpose. When an insured sues its insurer for a declaration of coverage, the injured party's interest is presumed to be adequately protected, thus making the insured and injured party's interest so sufficiently similar that joinder of the injured party is unnecessary. **Georgia-Pacific**, 2006 WL 1525678, at *5; **St. Paul Fire & Marine Ins. Co. v. T.J. Lambrecht Const. Co.**

*Inc.*, 2001 WL 1609374, *1 (N.D. Ill. Dec. 14, 2001). However, a majority of courts have held that the injured party *is* a necessary party to a declaratory judgment action brought by the *insurer* against the *insured* when the insurer's motion seeks to determine *policy coverage*, not merely a duty to defend. ***Georgia-Pacific***, 2006 WL 1525678, at *6. S*ee **Winklevoss Consultants, Inc.**, 174 F.R.D. at 416 (providing a line of cases in the Northern District of Illinois upholding this proposition).

The rationale behind this rule is threefold. First, courts presume that the insured defendant will not adequately protect the injured party's interests. ***Winklevoss***, 174 F.R.D. at 419. Second, when the insurer seeks a declaration about policy coverage, there is the potential to eliminate a source of funds to compensate the injured party without any input from the injured party.[2] *Id.* Third, if the injured party is not joined, it will not be bound by the court's declaration, thus causing this same issue to be relitigated in federal court and thereby reducing judicial efficiency. *See **Manekis v. St. Paul Insurance Co. of Illinois**,* 655 F.2d 818, 824 (7th Cir. 1981) (stating that when the injured claimant is made party to a declaratory judgment action, the judgment rendered by the court becomes binding on

---

[2]Employers Mutual asserts that Barlo only suffered a risk of harm, not an actual harm. Employers Mutual concludes that Barlo has not suffered a cognizable direct injury in the underlying action, and therefore asks this court to determine that Barlo is not a necessary party. However, it is beyond this court's authority to make such a premature determination about Barlo's rights, especially when Barlo is not a party in this case and has not had the opportunity to be heard on the merits of this case. The court will not render any decision as to whether Barlo has a cognizable injury in the underlying claim at this time.

that party under the doctrine of collateral estoppel). Based on the facts presented by the case at hand, Barlo has an interest in the policy coverage, and a final judgment about policy coverage in his absence would break from the public policy that he should be able to be heard on this matter. *See* **Peterson**, 2006 WL 3833353, at *7 (discussing that the injured party is likely to zealously advocate for insurance coverage more than the insured). Therefore, the court finds that Barlo is a necessary party to this motion for a declaratory judgment.

Although Witham argues that the case should be dismissed due to Employers Mutual's failure to join a necessary party, the joinder of Barlo does not destroy federal jurisdiction. The court finds that Employers Mutual must join Barlo instead of dismissing the case. Rule 19(a)(2) instructs that a court should order a person be made a party to the lawsuit when he is a necessary party. Only when the injured party cannot be made party to the lawsuit should the court dismiss the action. **Cantrell**, 2005 WL 1159416, at *1. Therefore, Barlo is a necessary party that must be joined in this case.

Because of Barlo's required joinder, the court will not address the substantive issues of the Motion for Summary Declaratory Judgment until Barlo can be heard on the matter if he so chooses. Employers Mutual shall have twenty-one (21) days from the entry of this order to file an amended complaint which joins the named class member of the underlying suit as a party to this cause of action.

_____

For the foregoing reasons, the Motion for Summary Declaratory Judgment [DE 16] filed by the plaintiff, Employers Mutual Casualty Company on June 4, 2009, is **DENIED WITHOUT PREJUDICE**, and the Motion to Dismiss Plaintiff's Complaint for Declaratory Judgment [DE 19] filed by the defendant, Witham Sales & Sevice, Inc. d/b/a Witham Sav-A-Stop on June 5, 2009, is **GRANTED IN PART** and **DENIED IN PART.**

ENTERED this 23rd day of November, 2009

                                        s/ANDREW P. RODOVICH
                                          United States Magistrate Judge